**In re HUMAN TISSUE PRODUCTS
LIABILITY LITIGATION**

No. MDL–1763.

Judicial Panel on Multidistrict Litigation.

June 21, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of five actions in the District of New Jersey and one action each in the Northern District of Ohio and the Northern District of Oklahoma, as listed on the attached Schedule A. Defendant Regeneration Technologies, Inc. (RTI) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing these seven actions in the District of New Jersey.[1] RTI's motion is supported by defendant Tutogen Medical, Inc., defendant SpinalGraft Technologies, LLC (SGT) and associated entities,[2] and plaintiffs in two District of New Jersey actions. Plaintiffs in two potential tag-along actions pending, respectively, in the District of New Jersey and the Northern District of Florida, oppose centralization; these plaintiffs alternatively support transfer to the Northern or Southern District of Florida. Plaintiff in the other Northern District of Florida potential tag-along action supports transfer to the Southern District of Florida. Plaintiffs in two potential tag-along actions in the Southern District of West Virginia and plaintiffs in a potential tag-along action in Northern District of Ohio support transfer to the Southern District of West Virginia. Additionally, plaintiffs in two Northern District of Alabama potential tag-along actions and plaintiffs in the Southern District of Ohio potential tag-along action support transfer to the district in which their respective action is pending.

■ On the basis of the papers filed and hearing session held, the Panel finds that these seven actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning a scheme by defendant BioMedical Tissue Services, Ltd. (BTS) to harvest tissue from human corpses without proper consent and sell the tissue to other defendants, which are tissue processing companies. Plaintiffs claim that the defendant processors processed the BTS-supplied tissue without checking or following procedures to determine the origin, nature, or suitability of the tissue for human transplantation. Moreover, some plaintiffs contend that the processor defendants engaged in flawed procedures that did not cleanse the re-

1. The Panel has been notified of an additional 42 actions pending in the following districts: eight actions in the Middle District of Louisiana; five actions in the District of New Jersey; three actions each in the Eastern District of New York and the Northern District of Ohio; two actions each in the Northern District of Alabama, the Northern District of Florida, the Northern District of Georgia, the Northern District of Iowa, the District of South Carolina, the Western District of Tennessee, and the Southern District of West Virginia; and one action each in the Southern District of California, the Southern District of Indiana, the Western District of Kentucky, the District of Minnesota, the Western District of New York, the Middle District of North Carolina, the Southern District of Ohio, the Eastern District of Pennsylvania, and the Eastern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. SGT is a single-member limited liability company. Its sole member is Medtronic Sofamor Danek USA, Inc., which is a wholly owned subsidiary of Medtronic Sofamor Danek, Inc., which in turn is a wholly owned subsidiary of Medtronic, Inc. These entities are named in various combinations in all but one action now before the Panel.

ceived tissue as those defendants represented; relatedly, plaintiffs also allege that defendants distributing the tissue failed to check or follow procedures to determine the source or viability of such tissue. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs contend that centralization is not needed because the actions lack a common factual basis, since they necessarily involve different tissue implants, several different defendants, and likely different damages. We disagree. The alleged improprieties regarding the illegal harvesting, flawed processing and/or inappropriate distributing of human tissue forms the factual backdrop to all actions presently before the Panel. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has occurred in other actions. Also, discovery with respect to any case-specific issues can proceed concurrently with discovery on common issues. *In re Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (Jud.Pan. Mult.Lit.1976).

We conclude that the District of New Jersey is an appropriate transferee forum for this litigation. The District of New Jersey is where relevant documents and witnesses may be found, since BTS was based there, and one of the defendant tissue processors and several funeral homes from which the tissue was harvested are also located there.[3] By centralizing this litigation before Judge William J. Martini, who presides over all present actions and potential tag-along actions pending in the District of New Jersey, we are assigning this litigation to a jurist who has the experience necessary to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable William J. Martini for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1763—In re Human Tissue Products Liability Litigation*

*District of New Jersey*

*Gary Pieper v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 1:06–433

*Arlene Sechtin v. Regeneration Technologies, Inc., et al.*, C.A. No. 2:06–135

*Anh Nguyen, et al. v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 2:06–417

*Anthony J. Vitola, et al. v. BioMedical Tissue Services, Ltd., et al.*, C.A. No. 2:06–466

*Heather Augustin v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 2:06–467

*Northern District of Ohio*

*Cindy Sciuva v. SpinalGraft Technologies, LLC, et al.*, C.A. No. 1:06–216

---

**3.** This district is the closest suggested transferee district to New York, which is the situs of ongoing criminal proceedings involving BTS's principals, Michael Mastromarino and Joseph Nicelli.

*Northern District of Oklahoma*
*Paula L. Coleman v. Medtronic, Inc., et al.*, C.A. No. 4:05–741